IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GREER,

        Plaintiff,                       No. CIV S-06-2524 KJM

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I.  Factual and Procedural Background

In a decision dated June 22, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of back pain but this impairment does not meet or medically equal a listed impairment; plaintiff is not substantially credible; plaintiff can perform light work with an at-will sit/stand option; plaintiff cannot perform his past relevant work, there are a significant number of sedentary jobs which plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 17. Plaintiff contends the ALJ disregarded severe impairments, improperly evaluated the medical

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

evidence and improperly discredited his testimony.  Plaintiff also requests consideration of additional evidence.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

   A. Severity of Impairments

Plaintiff contends the ALJ ignored several diagnosed disorders at step two of the sequential analysis.  An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work

3

1  experience were specifically considered." SSR 85-28.  The purpose of step two is to identify
2  claimants whose medical impairment is so slight that it is unlikely they would be disabled even if
3  age, education, and experience were taken into account.  <u>Bowen v. Yuckert</u>, 482 U.S. 137 (1987).
4  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."
5  <u>Smolen v. Chater</u> 80 F.3d 1273, 1290 (9th Cir. 1996);  <u>see</u> <u>also</u> <u>Edlund v. Massanari</u>, 253 F.3d
6  1152, 1158 (9th Cir. 2001).

7         Plaintiff argues the ALJ failed to recognize as severe diagnosed conditions of
8  radiculopathy and numbness in the lower extremities.  Although the burden is on plaintiff at step
9  two of the sequential evaluation, <u>see</u> <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1998), counsel
10 for plaintiff has offered no meaningful argument in support of the claim that the ALJ erred at step
11 two.  A mere recitation of medical diagnoses does not demonstrate how each of the conditions
12 included in that recitation impacts plaintiff's ability to engage in basic work activities.  Put
13 another way, a medical diagnosis does not an impairment make.

14        In finding that plaintiff had a severe impairment of back pain, the ALJ relied on
15 the opinion of consulting orthopedist, Dr. Chu.  AT 15, 281-286.  In assessing plaintiff's residual
16 functional capacity, Dr. Chu considered plaintiff's complaints of radiculopathy and numbness.
17 AT 282, 285.  The ALJ also relied on the opinion of treating physician, Dr. Neubuerger, who also
18 considered the combined effects of all plaintiff's symptoms, including radiculopathy and
19 paresthesias. AT 15, 254-256.  In relying on the opinions of these physicians, who properly
20 considered all of plaintiff's impairments and diagnosed conditions in assessing plaintiff's
21 limitations, the ALJ committed no error at step two of the sequential analysis.

22   B.  Medical Opinions

23        Plaintiff also contends the ALJ improperly rejected the limitations assessed by
24 examining physician Dr. Benrazavi and state agency physician Dr. Clancey, and that in so doing,
25 the ALJ posed hypotheticals to the vocational expert that did not include all of plaintiff's
26 limitations.  The weight given to medical opinions depends in part on whether they are proffered

by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

   To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

   Dr. Benrazavi opined that plaintiff could stand and walk two to four hours per eight-hour workday.  AT 420.  Dr. Clancey assessed plaintiff's residual functional capacity to stand and/or walk to be at least two hours in an eight-hour workday.  AT 406.  The vocational expert testimony relied on by the ALJ in finding plaintiff was not disabled was predicated on a hypothetical posing only a sedentary capacity for work with an at-will sit/stand option.  AT 17, 713.  Sedentary work requires no more than two hours of standing or walking.  Social Security Rule 83-10.  Because the hypothetical posed to the vocational expert was consistent with the

limitations assessed by Drs. Benrazavi and Clancey, plaintiff's argument that the ALJ assessed excessive stand/walk limitations is meritless.

Plaintiff further contends that the treating physicians found plaintiff had severe physical impairments that limited his functional capacity, referencing an argument made in the administrative proceedings. AT 9-10. However, as discussed above, the ALJ relied on Dr. Neubuerger's opinion that plaintiff could perform light work, which is consistent with the residual functional capacity assessed by the ALJ. AT 17, 255. With respect to the reports from Dr. Armstrong cited by plaintiff, the reports contain no opinions of functional limitations. AT 303-305, 323. A possibility of future treatments or surgery does not ipso facto equate to disability. AT 323. The ALJ did not err in his consideration of the medical evidence.

C. Credibility

Plaintiff also contends the ALJ improperly discredited his testimony. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d

1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

      In rejecting plaintiff's testimony that back pain precluded all work activity, the ALJ considered normal objective findings of Dr. Chu, as well as Dr. Armstrong's assessment that plaintiff's fusion was solid.  AT 15, 284-285, 318.  The ALJ also considered the conservative and minimal nature of the treatment, including selective blocks rather than surgery, and plaintiff's use of over-the-counter pain medication.  AT 15, 323, 701.  The ALJ also factored plaintiff's activities of daily living, including homeschooling his daughter and driving her around, as well as performing household chores, into the credibility analysis as inconsistent with plaintiff's claim that he could not even perform sedentary work.  AT 16, 704-706.  The factors considered by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

D.  New Evidence

      Plaintiff has submitted additional medical records and a declaration listing various medical providers.  A case may be remanded to the Secretary for the consideration of new

evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. <u>Sanchez v. Secretary of HHS</u>, 812 F.2d 509, 511-12 (9th Cir. 1987).  Here the additional evidence is immaterial.  The date of the ALJ's decision is June 22, 2005 and the residual functional capacity assessments contained in the additional information plaintiff provides are dated November 7, 2006 and March 30, 2007, well past the date of the decision at issue.  There is no reasonable possibility that this new evidence would have changed the outcome of the case. <u>Booz v. Secretary of Health and Human Services</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984).  As to the progress notes dated 2004, this evidence either is duplicative of the evidence already contained in the administrative record or contains no functional limitations that contradict the ALJ's decision.  The court therefore declines to consider the additional evidence.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 27, 2008.

_____
U.S. MAGISTRATE JUDGE

006
greer.ss